UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gloria H. Smith,
Individually and as Co-Personal
Representative of the Estate of Jason
Lewis Smith et al.,

Case No. 10-14257

Honorable Nancy G. Edmunds

      Plaintiffs,

v.

Wayne County et al.,

      Defendants.

_____/

## ORDER AND OPINION OVERRULING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [98]

    Before the Court is the magistrate judge's report and recommendation on Plaintiffs' request for default judgment as a discovery sanction, or, in the alternative, various other discovery sanctions against Defendants. (Dkt. 98.) The magistrate judge recommended denying Plaintiffs' request for a default judgment, but recommended awarding monetary sanctions against Defendant. The magistrate judge recommended awarding the fees and costs Plaintiffs incurred in :

1. Preparing the motion for default judgment (dkt. 68);
2. Preparing their response to Defendants' motion for leave to file a supplemental response to that motion (dkt. 94);
3. Preparing for and attending the September 27, 2012 hearing on their motion for default judgment;

4.  Attempting to re-schedule, and/or prepare for depositions that were unreasonably postponed and/or cancelled by Defendants;

5.  Attempting to schedule a time to review the requested training materials; and

6.  Attempting to obtain signed discovery responses from Defendants.

Defendants filed objections to the magistrate judge's report and recommendation. (Dkt. 100.)  Plaintiffs filed a response to those objections.  (Dkt. 101.)

A district judge reviews a magistrate judge's recommendation on a non-dispositive matter under the "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A). A decision is "clearly erroneous" when, "though there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  *Lowe v. Vadlamudi*, 08-10269, 2012 WL 1229949, at*2 (E.D.Mich. Apr. 12, 2012) (citation omitted).  "Where there are two plausible views, a decision cannot be 'clearly erroneous.'"  *Id.* (citation omitted).

Defendants solely object to the magistrate judge's award of monetary sanctions against them.  (Dkt. 100, Defs.' Objections.)  Defendants' objections, at best, present a different plausible view.

The magistrate judge has presented a thorough account of the discovery background and detailed his reasoning for recommending monetary sanctions.  The Court cannot say that his recommendation is clearly erroneous or contrary to law.

The Court, being fully advised in the premises and having reviewed the record and the pleadings, including the report and recommendation, Defendants' objections, and Plaintiffs' response, ACCEPTS AND ADOPTS the report and recommendation.  The Court imposes

the following monetary sanctions upon Defendants, the fees and costs Plaintiffs incurred in :

1. Preparing the motion for default judgment (dkt. 68);

2. Preparing their response to Defendants' motion for leave to file a supplemental response to that motion (dkt. 94);

3. Preparing for and attending the September 27, 2012 hearing on their motion for default judgment;

4. Attempting to re-schedule, and/or prepare for depositions that were unreasonably postponed and/or cancelled by Defendants;

5. Attempting to schedule a time to review the requested training materials; and

6. Attempting to obtain signed discovery responses from Defendants.

Plaintiffs are to file a bill of costs detailing the fees and costs as outline above within twenty-one (21) days of this order.  Defendants have until January 11, 2013 to file any objections to the bill of costs.

So ordered.

                                  s/Nancy G. Edmunds
                                  Nancy G. Edmunds
                                  United States District Judge

Dated:  December 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 6, 2012, by electronic and/or ordinary mail.

                                  s/Carol A. Hemeyer
                                  Case Manager