UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA H. SMITH, *et al.*,

                Plaintiffs,            Civil Action No. 10-14257
                                  Honorable Nancy G. Edmunds
      v.                         Magistrate Judge David R. Grand

WAYNE COUNTY, *et al.*,

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO APPROVE SETTLEMENT

This is a civil rights action brought under 42 U.S.C. §§ 1983 and 1988, and under MCL § 600.2922, by Plaintiff Gloria Smith ("Gloria"), individually and as co-personal representative of the Estate of Jason Smith, and by Plaintiff Camille Mitchell ("Camille"), as co-personal representative of the Estate of Jason Smith. Jason Smith ("Jason") is Gloria's son and Camille's brother. The case involved an unspeakable alleged crime by Jason against Gloria, and Jason's unfortunate later suicide while he was detained in a jail. Defendants include Wayne County, the Wayne County Sheriff's Office, the City of Detroit, and various of their employees.

Counsel on both sides worked diligently to protect the rights of, and to advocate for, their respective clients. After about two-and-half years of intense litigation, the parties reached an agreement to resolve the case. However, because of the nature of the case – an alleged wrongful death, with multiple potential beneficiaries of Jason's estate – Plaintiffs' counsel requested that the court hold a "Fairness Hearing" regarding the proposed settlement. *See* 4/18/13 docket entry. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3). Since this action is still before the Hon. Nancy G. Edmunds, this Court proceeds by way of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(B).

On June 18, 2013, Plaintiffs' counsel provided the Court with: (1) a proposed "Order

Approving Settlement and Costs and Attorneys' Fees and Authorizing Distribution of Settlement Proceeds" (the "Proposed Order," a copy of which is attached below as Exhibit A); (2) signed settlement agreements between Plaintiffs and the Defendants (copies of which are attached below as Exhibits 1 and 2 to Exhibit A); and (3) letters documenting that Jason's relatives who might claim an interest in this litigation through his estate were notified of a meeting to discuss the Proposed Order, and of their right to attend the fairness hearing. This court held a fairness hearing on June 19, 2013, during which time Defendants' counsel approved of the Proposed Order.[1] Each of Jason's relatives either attended the hearing in person or provided a Waiver/Consent form, indicating that s/he waived the right to attend the hearing and consented to the distribution specified in the Proposed Order. *See* Ex. 3 to Proposed Order (attaching waivers).

The co-personal representatives of Jason's estate each testified, and indicated that each of the relatives assented to the entry of the Proposed Order. The only other relative who chose to address the Court regarding the Proposed Order's fairness was Jason's father, Phillip Mason, Sr. ("Phillip"), though, as a legally incapacitated person, he did so through his co-guardian, Cascille McGhee ("McGhee").[2] McGhee testified initially that she did not think it was right that Phillip, as Jason's father, did not receive any portion of the settlement proceeds. However, she did not dispute the fact, as stated in the Proposed Order, that Phillip had failed to pay a lifetime of child support on behalf of Jason; that due to resulting liens against Phillip, he was unlikely to retain any settlement monies paid to him; and that generally he and Jason did not have the type of ongoing relationship which could give rise to damages for the loss of society/companionship.

---

[1] Defense counsel's only concern was with the last portion of the first full paragraph on the third page of the Proposed Order. However, that provision simply indicates that Plaintiffs' counsel is reserving their right to argue, in future unrelated litigation, that the undersigned erred with respect to the billing rates it found reasonable in Doc. #125. Reserving that right has no bearing on the amount the Defendants will pay in this action. Therefore, Defendants' objection should be rejected.

[2] As discussed below, Phillip's other co-guardian, Camille, also testified on his behalf.

The foregoing notwithstanding, at the conclusion of her testimony, McGhee specifically assented to the Court's entry of the Proposed Order, indicating that it was her (and Phillip's) desire not to prolong the finalization of the settlement any further. Phillip's other co-guardian, Camille, also testified, indicating that she approved of the distributions specified in the Proposed Order. In particular, she cited the existence of the child support liens against any funds Phillip might receive and the fact that he did not have an ongoing relationship with Jason prior to his death. Each of the reasons offered by McGhee and Camille support the Proposed Order's fairness.

In sum, based on the foregoing, and with all interested parties having assented to the Court's entry of the Proposed Order, this Court **RECOMMENDS** that the proposed "**ORDER APPROVING SETTLEMENT AND COSTS AND ATTORNEYS' FEES AND AUTHORIZING DISTRIBUTION OF SETTLEMENT PROCEEDS,**" a copy of which is attached as Exhibit A hereto, be **APPROVED**, and that this action be **DISMISSED**.

Dated: June 20, 2013          s/ David R. Grand
                                       DAVID R. GRAND
                                       UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not

preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 20, 2013.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GLORIA H. SMITH, individually and as Co-
Personal Representative of the Estate of Jason
Lewis Smith, and CAMILLE MITCHELL, as Co-
Personal Representative of the Estate of Jason
Lewis Smith,

                    Plaintiffs,

vs.

WAYNE COUNTY, a Municipal Corporation;
WAYNE COUNTY SHERIFF DEPUTY
RANDLE HORNBUCKLE; OFFICER MARK
HILLS; SGT. RYAN FLORIOS; SGT. ERIC
TROSZAK;OFFICER JUSTIN GILMER;
OFFICER RYAN LANDORF; J. DOE 1-2
(Wayne County Jail Corrections Officers); R. ROE
1-2 (Wayne County Jail Supervisors); P. POE 1-3
(Wayne County Jail nursing and health care
professionals); CITY OF DETROIT, a Municipal
Corporation; EMT MARLO WEBB; EMT
RENNA OWENS; and MARVIN MESSER (EMT
Supervisor),

                    Defendants.

Case No.: 2:10-cv-14257
Judge Nancy G. Edmunds
Magistrate Judge David Grand

                       /

---

William H. Goodman (P14173)
Julie H. Hurwitz (P34720)
Kathryn Bruner James (P71374)
Miriam R. Nemeth (P76789)
Goodman & Hurwitz, P.C.
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6170/fax: (313) 567-4827
*Attorneys for Plaintiffs*

Kathleen J. Kalahar (P60301)
Goodman Kalahar
1394 E. Jefferson Ave.
Detroit, MI 48207
(313) 567-6165/Fax: (313) 567-4827
*Co-Counsel for Plaintiffs*

Zenna Elhasan (P67961)
Wayne County Corporation Counsel
James M. Surowiec (P49560)
Wayne County Assistant Corporation Counsel
500 Griswold Street, Fl. 11
Detroit, MI 48226
(313) 224-6682/Fax: (313) 967-3532
*Attorneys for Wayne County Defendants*

                       /

---

## ORDER APPROVING SETTLEMENT AND COSTS AND ATTORNEYS' FEES AND AUTHORIZING DISTRIBUTION OF SETTLEMENT PROCEEDS

**ORDER**
**APPROVING SETTLEMENT AND COSTS AND ATTORNEYS' FEES AND**
**AUTHORIZING DISTRIBUTION OF SETTLEMENT PROCEEDS**

This Court, being fully apprised as to the circumstances and underlying facts of this case and the proposed settlement herein, the parties having been notified, no objections having been filed by any parties or lienholders, this Court being otherwise fully advised in the premises,

*NOW WHEREFORE,* this Court finds that this is a civil rights action brought under 42 USC §§ 1983, and 1988, as well as the Michigan Wrongful Death Act, MCL § 600.2922, by Plaintiff GLORIA SMITH, individually and as co-personal representatives of the Estate of Jason Smith, and Plaintiff CAMILLE MITCHELL, as co-personal representative of the Estate of Jason Smith; and

*WHEREFORE,* Plaintiffs and all Defendants have reached settlements: a) with the City of Detroit Defendants in the amount of Twenty Thousand Dollars ($20,000.00), as reflected in the *Settlement Agreement* between Plaintiffs and the City of Detroit Defendants, attached hereto as **Exhibit 1;** and b) with the Wayne County Defendants in the amount of Three Hundred Twenty-Five Thousand Dollars ($325,000.00), as reflected in the *Settlement Agreement and Release* between Plaintiffs and the Wayne County Defendants, attached hereto as **Exh. 2;** and

*WHEREFORE,* in exchange for the payment of these monies the Plaintiffs have agreed to and have endorsed a mutually agreed upon *Settlement Agreement and Release* **[Exh. 2]** and to dismiss the above captioned causes with prejudice and without the imposition of costs, interest or attorneys' fees, other than those already contemplated in the above recited settlement; and

*WHEREFORE,* under the terms of these Agreements, the settlement monies are to be paid by Defendants: (a) as compensatory damages under 42 U.S.C. §§ 1983 and 1988; (b) as

2

payment for Court-awarded sanctions; and (c) to Plaintiffs, as the Personal Representatives under the Michigan Wrongful Death Act; and

*WHEREFORE,* as part of the terms of this settlement, Plaintiffs have agreed to withdraw their *Objections to Order Granting in Part and Denying in Part Defendants' Objections to Plaintiffs' Bill of Costs [Doc. #125]* **[Doc. #132]**, regarding the appropriate hourly rate to be awarded to Plaintiffs' counsel as part of the Court-awarded sanctions, but it is understood that they do not waive said objections;

*WHEREFORE,* this Court finds that none of said total amount of Three Hundred Forty-Five Thousand Dollars is being received by the Estate as reimbursement for conscious pain and suffering, that there are no outstanding medical and hospital expenses of the Decedent, that there is no claim for funeral and burial expenses and that the proper distribution of the entire Three Hundred Forty-Five Thousand Dollars ($345,000.00) and the persons who have suffered a loss as a result of the death of Decedent are as indicated below; and

*WHEREFORE,* this Court finds that all interested persons and parties have been apprised of the terms of this Order and have had an opportunity to discuss and negotiate those terms at a meeting of those persons, held on June 11, 2013, at the law officers of Goodman & Hurwitz, P.C.; and

*WHEREFORE,* this Court finds that all interested persons and parties have been notified in advance of the time and place of the June 19, 2013 "fairness" hearing before this Court regarding the distribution of the settlement monies, and of their opportunity to appear before this Court to be heard as to their views and concerns. (**Exhibit 3**) Those concerns and views have been considered by this Court and incorporated herein.

*IT IS HEREBY ORDERED* that the settlements with the respective Defendants, in

3

the total amount of Three Hundred Forty-Five Thousand Dollars ($345,000.00), are APPROVED, as itemized in full below;

       ***IT IS FURTHER ORDERED*** that the attorneys' fees requested below, pursuant to the terms of the Retainer Agreement between Plaintiffs and their counsel, the previous *Orders* of this Court awarding sanctions **[Doc. #s 98, 105 and 125]**, and Plaintiffs' agreement to withdraw their *Objections* regarding the applicable hourly rates **[Doc. #132]** for purposes of this settlement only, are APPROVED, as itemized in full below;

       ***IT IS FURTHER ORDERED*** that the Defendants will pay the following sums, in settlement of this action:

A. **$20,000** - Paid by and on behalf of Defendants City of Detroit, Marlo Webb, Renna Owens and Marvin Messer ("City of Detroit Defendants"). This amount has been received by Plaintiffs and is currently held in a Client Trust Account by the law firm of Goodman & Hurwitz, P.C.;

B. **$325,000** – Paid by and on behalf of Defendants Wayne County, Hills, Florios, Hornbuckle, Troszak, Gilmer and Landorf ("County of Wayne Defendants"). This sum includes $33,000 as payment for court ordered sanctions and is to be paid as follows:

    i. **One Hundred Forty-Six Thousand Dollars ($146,000.00)** will be paid in the present fiscal year (2013) within 30 (thirty) days after a final resolution affirming Commission approval, with the understanding between the parties that no enforcement action may be taken until forty-five (45) days after the Commission final approval;

    ii. **Thirty-Three Thousand Dollars ($33,000.00)**, representing a full, complete, and final settlement of the sanctions issue, shall be paid in the present fiscal year (2013) on or before the date of the first payment set forth in Paragraph B(i) above.

    iii. **One Hundred Forty-Six Thousand Dollars ($146,000.00)** will be paid within forty-five (45) days of the start of the 2014 fiscal year, October 1, 2013; and

       ***IT IS FURTHER ORDERED that One Hundred Ninety-Nine Thousand Dollars***

4

($199,000.00) -- representing the cash payment of Twenty Thousand Dollars ($20,000.00) from

the City of Detroit Defendants and the **first cash payments** totaling One Hundred Seventy-Nine

Thousand Dollars ($179,000.00) from the County of Wayne Defendants, as set forth in

Paragraphs B.i. and B.ii. above -- shall be distributed in accordance with the estimated payment

schedule described above, to all known interested persons who might assert a legally cognizable

loss as a result of the death of decedent, and the proposed shares for each person, as follows:

A. **Forty Two Thousand Seven-Hundred Twelve Dollars ($42,512.92)** – will be paid directly to the law firm of Goodman & Hurwitz, P.C., to reimburse them for the actual costs of litigation incurred to date ($42,512.92), including but not limited to deposition transcripts and court reporter charges for thirty one (31) lengthy depositions, expert witness fees, costs for voluminous copying, telephone charges, private investigation, document analysis, etc.;

B. **Fifty-Two Thousand One Hundred Sixty-Two Dollars and 36/100 ($52,162.36)** – as attorney fees to be paid, out of the net first payment, to the Plaintiff's attorneys, Goodman & Hurwitz, P.C. and Goodman Kalahar, P.C.; and

C. **One Hundred Four Thousand, Three Hundred Twenty-Four Dollars and 72/100 ($104,324.72)** -- as a total direct cash payment to those persons who have suffered a legally cognizable loss as a result of the death of decedent, to be distributed as follows:

   1. **Gloria Smith (mother)**: Thirty-Six Thousand Six Hundred Forty-Two Dollars and 46/100 ($36,642.46);

   2. **Whitney Smith (sister)**: Fifteen Thousand Five Hundred Nineteen Dollars and 90/100 ($15,519.90).

   3. **Camille Mitchell (sister)**: Thirty-One Thousand Four Hundred Sixty-Nine Dollars and 16/100 ($31,469.16);

      a. Ms. Mitchell enjoyed the closest relationship with Jason Smith of any of his siblings.

   4. **Phillip Mason, Jr. (brother)**: Five Thousand One Hundred Seventy-Three Dollars and 30/100 ($5,173.30);

   5. **Pierre Mason (brother)**: Five Thousand One Hundred Seventy-Three Dollars and 30/100 ($5,173.30);

6. **Darius Mason (brother):**  Five Thousand One Hundred Seventy-Three Dollars and 30/100 ($5,173.30);

7. **DeShawn Mason   (brother):**  Five Thousand One Hundred Seventy-Three Dollars and 30/100 ($5,173.30), to be held in trust for his benefit;

    a. This brother is in prison and his sentence requires that he spend another seven (7) years in prison. Therefore the Five Thousand One Hundred Seventy-Three Dollars and 30/100 ($5,173.30) he is to receive from the first payment will be held in trust for his benefit by his brother, Darius Mason, as Trustee who will have full, total and complete discretion as to how best to use those funds for his brother's benefit.

8. **Phillip Mason, Sr. (father):**  Zero ($0). Mr. Mason has been adjudged a delinquent father, in the sense that he failed to pay a lifetime of court-ordered child support on behalf of Jason Smith to Plaintiff Gloria Smith, and that he did not have an ongoing relationship with his son from which damages for the loss of his son's society and companionship could result;

***IT IS FURTHER ORDERED*** that One Hundred Forty-Six Thousand Dollars ($146,000.00) -- representing the **second cash payment** from the County of Wayne Defendants, as set forth in Paragraph B.iii. above -- shall be distributed in accordance with the estimated payment schedule described above to all known interested persons who might assert a legally cognizable loss as a result of the death of decedent, and the proposed shares for each person, as follows:

    A. **Two Hundred Dollars and 00/100  ($200.00)** – To be held in reserve in a Client Trust Account, to cover additional travel/copying and other out-of-pocket expenses anticipated to be incurred between the date of entry of this Order and the final date of the **second cash payment** as set forth in Paragraph B.iii. above; and

    B. **Forty-Eight Thousand Six-Hundred Dollars and 00/100 ($48,600.00)**  – as attorney fees to be paid, out of the second net payment, to the Plaintiff's attorneys, Goodman & Hurwitz, P.C. and Goodman Kalahar, P.C.; and

    C. **Ninety-Seven Thousand Two Hundred Dollars and 00/100 ($97,200.00)** -- as a direct cash payment to those persons who have suffered a legally cognizable loss as a result of the death of decedent, as follows:

6

1. **Gloria Smith (mother)**: Thirty-Four Thousand One Hundred Nineteen Dollars and 90/100 ($34,119.90);

2. **Whitney Smith (sister)**: Fourteen Thousand Four Hundred Eighty Dollars and 10/100 ($14,480.10)

3. **Camille Mitchell (sister)**: Twenty-Nine Thousand Two Hundred Ninety-Three Dollars and 20/100 ($29,293.20);

   a. Ms. Mitchell enjoyed the closest relationship with Jason Smith of any of his siblings.

4. **Phillip Mason, Jr. (brother)**: Four Thousand Eight Hundred Twenty-Six Dollars and 70/100 ($4,826.70);

5. **Pierre Mason (brother)**: Four Thousand Eight Hundred Twenty-Six Dollars and 70/100 ($4,826.70);

6. **Darius Mason (brother)**: Four Thousand Eight Hundred Twenty-Six Dollars and 70/100 ($4,826.70);

7. **DeShawn Mason (brother)**: Four Thousand Eight Hundred Twenty-Six Dollars and 70/100 ($4,826.70);

   a. This brother is in prison and his sentence requires that he spend another seven (7) years in prison. Therefore the Four Thousand Eight Hundred Twenty-Six Dollars and 70/100 ($4,826.70) he is to receive from the second payment will be held in trust for his benefit by his brother, Darius Mason, as Trustee who will have full, total and complete discretion as to how best to use those funds for his brother's benefit.

*IT IS FURTHER ORDERED* that the distribution of the settlement monies under the Michigan Wrongful Death Act to those entitled to recover pursuant to *Crystal v. Hubbard,* 414 Mich. 297 (1981), under Michigan common law and statutes, as itemized above, is hereby APPROVED;

*IT IS FURTHER ORDERED* that the terms of the settlement, as outlined above are:

A. Reasonable and fair;

B. In accordance and consistent with the evidence and testimony presented to this Court at the fairness hearing held in open court on June 19, 2013;

7

C. In the best interests of all the parties;

D. In the best interests of all known interested persons and, in particular, all those identified above.

*IT IS FURTHER ORDERED* that this Court APPROVES the distribution of the settlement proceeds, as outlined herein. It further certifies the terms of this settlement to the Probate Court of Wayne County, wherein the Matter of the Estate of Jason Smith is now pending.

**IT IS SO ORDERED:**

**Dated:**_____          _____

                                              **Hon. Nancy G. Edmunds**
                                              **United States District Judge**

**EXHIBIT 1**

**EXHIBIT 1**

## RELEASE

**(with Medicare Affidavit)**

| | |
|---|---|
| Matter No: | A24000.000744 |
| Case. No: | 10-CV-14257 |

**GLORIA SMITH, INDIVIDUALLY AND AS CO-PERSONAL REPRESENTATIVE OF THE ESTATE OF JASON LEWIS SMITH AND CAMILLIE MITCHELL, AS CO-PERSONAL REPRESENTATIVE FOR THE ESTATE OF JASON LEWIS SMITH** (hereinafter 'Plaintiff') in consideration of the sum of **Twenty Thousand Dollars and No Cents ($20,000.00)**; and an executed stipulation for the entry of an order dismissing the underlying civil action identified herein , hereby releases the City of Detroit, a Michigan municipal corporation, and each officer, employee, agent and representative including Marlo Webb, Renna Owen, and Marvin Messer (hereinafter collectively the "Defendant") from any and all liability, actions or claims, legal and equitable, known and unknown, arising or accruing at any time prior to and through the date of this Release, which Plaintiff has or may have against Defendant, including without limitation any and all claims related to or arising out of the events, transactions, and occurrences arising from the physical injuries and resulting death of Plaintiff, Jason Smith which are or could have been complained of in the civil action referenced above entitled **Gloria Smith, individually and as Co-Personal Representative of the Estate of Jason Lewis Smith and Camille Mitchell, as Co-Personal Representative of the Estate of Jason Lewis Smith v City of Detroit, Marlo Webb, Renna Owens, and Marvin Messer,** Case No. 10-CV-14257.

Plaintiff understands that the payment to be made under this Release represents the compromise of a disputed claim and payment is not be construed as an admission of liability on the part of Defendant.  The parties agree that none of the settlement amount referenced above is to be received by the Estate of Jason Smith as compensation for any conscious pain and suffering.

As used in this Release, the term "Plaintiff" includes each and every servant, agent, contractor, attorney, employee, representative, family member, heir, related corporation, subsidiary, division, affiliate, director, and officer of Plaintiff, if any.

THIS RELEASEand the attached Medicare Reporting and Indemnification Affidavit, which by this reference is made a part hereof, constitute the entire understanding between Plaintiff and Defendant. The provisions of this Release and said attachment are binding upon the respective heirs, affiliates, executors, administrators, and successors of the Plaintiff forever.

The parties hereto acknowledge that receipt of the aforementioned sum is conditioned upon the approval of the Detroit City Council. Said parties understand that the Law Department will make reasonable efforts to achieve City Council approval and, subsequently, to promptly process an application for payment. Nevertheless, because these procedures take time (normally four to six months) it is hereby acknowledged that Time is not of the Essence and no day certain for the issuance of any check can be given.

IN WITNESS WHEREOF, the Plaintiff has affixed his/her signature appearing below at ___Detroit___, Michigan, on ___Nov. 1st___, 2012.

Witnessed By:

_____
Signature
Print Name: _gary d. gant_

_____
Signature
Print Name: _KARENE MENESES_

_26-0647930_
**Attorney's Federal ID Number**

**GLORIA SMITH, INDIVIDUALLY AND AS CO-PERSONAL REPRESENTATIVE OF THE ESTATE OF JASON LEWIS SMITH**

Plaintiff's Signature

_Gloria H. Smith_
Address
_Grosse Pte Wds, Mi 48236_
_2231 Hawthorne Rd._

**CAMILLIE MITCHELL, AS CO-PERSONAL REPRESENTATIVE FOR THE ESTATE OF JASON LEWIS SMITH**

Plaintiff's Signature

_Camille Mitchell_
Address

_37544 LADue Clinton twp MI 48036_

STATE OF MICHIGAN )
*Acting in Wayne County* )ss
COUNTY OF *Macomb* )

  This Release was acknowledged before me this _/ST_ day of _Nov._ , 2012, by **GLORIA SMITH, INDIVIDUALLY AND AS CO-PERSONAL REPRESENTATIVE OF THE ESTATE OF JASON LEWIS SMITH AND CAMILLE MITCHELL, AS CO-PERSONAL REPRESENTATIVE FOR THE ESTATE OF JASON LEWIS SMITH** who hereby declares under penalty of perjury under the laws of the State of Michigan that he or she is authorized in fact and law to execute this Release, and that all necessary approvals, if any are required, have been obtained beforehand.

_Anneliese Failla_

          UNTY, MI

**Anneliese Failla, Notary Public**
**Macomb County [Acting in Wayne], MI**
**My Commission Expires: 10/18/2014**

**Note:  Should this release be signed by the Plaintiff outside of the State of Michigan that fact must be noted in the appropriate area above and the out of state notary must attach a certificate of notarial authority from the state he or she is authorized to act as a notary.**

Page 3 of 3

**EXHIBIT 2**

EXHIBIT 2

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the Agreement) is made by and between Defendants WAYNE COUNTY, RANDLE HORNBUCKLE; MARK HILLS; RYAN FLORIOS; ERIC TROSZAK; JUSTIN GILMER; RYAN LANDORF;  J. DOE 1-2 (Wayne County Jail Corrections Officers); R. ROE 1-2 (Wayne County Jail Supervisors); and P. POE 1-3 (Wayne County Jail nursing and health care professionals);  and Plaintiffs GLORIA SMITH, individually and as Co-Personal Representative of the Estate of Jason Lewis Smith and CAMILLE MITCHELL, as Co-Personal Representatives of the Estate of Jason Lewis Smith.  This Agreement is binding upon the parties and subject to the approval of the Wayne County Commission.

## RECITALS

WHEREAS, the parties to this Agreement are adverse to each other in litigation entitled Gloria Smith et al. v. Wayne County et. al., Case No. 10-cv-14257

WHEREAS, the parties to this Agreement wish to settle and conclusively resolve all of their disputes in connection with the subject litigation (Litigation), including the issue of sanctions.

WHEREFORE, it is agreed amongst the parties that the underlying litigation will be settled with Defendants for the consideration of Two Hundred Ninety-Two Thousand Dollars ($292,000.00), to be paid to GLORIA SMITH, individually and as Co-Personal Representative of the Estate of Jason Lewis Smith and CAMILLE MITCHELL, as Co-Personal Representatives of the Estate of Jason Lewis Smith, and their attorneys Goodman & Hurwitz, PC, in addition to the provisions and consideration set forth below, the receipt and adequacy of which consideration is hereby acknowledged, the parties enter into this Agreement.

WHEREFORE, it is further agreed amongst the parties that the award of sanctions against Wayne County [See Pacer Doc # 125] will be settled with the Wayne County Office of Corporation Counsel for the consideration of Thirty Three Thousand Dollars ($33,000.00), to be paid to GLORIA SMITH, individually and as Co-Personal Representative of the Estate of Jason Lewis Smith and CAMILLE MITCHELL, as Co-Personal Representatives of the Estate of Jason Lewis Smith, and their attorneys Goodman & Hurwitz, PC.

1

## AGREEMENT

1. <u>Definitions</u>. The parties agree to the following definitions:

   (a)  Agreement shall mean this written instrument entitled Settlement Agreement and Release.

   (b)  Plaintiffs shall mean and include GLORIA SMITH, individually and as Co-Personal Representative of the Estate of Jason Lewis Smith and CAMILLE MITCHELL, as Co-Personal Representatives of the Estate of Jason Lewis Smith, their legal heirs, past, present and future, attorneys, agents, representatives, assigns, successors and predecessors.

   (c)  Defendants shall mean and include the County of Wayne, individually named defendants, its departments, divisions or affiliates, and its past, present and future executives, commissioners, elected officials, officers, employees, representatives, and attorneys.

   (d)  The Litigation shall mean and include all claims included or which might have been included or asserted by Plaintiffs in the matter <u>Gloria Smith v Wayne County, et al</u>, Case # 10-cv-14257.

   (e)  Claims shall mean and include any and all claims, suits, demands, damages, expenses, loss of services, causes of action, rights, arguments, disputes, damages, liabilities, debts, accounts, covenants, agreements, promises or warranties for any property damage, loss, expense, personal injury, pain and suffering, disability, or damage of any kind, that were asserted or could be asserted, whether known, or unknown or that may become known, arising out of or in any way related to the subject litigation.

2. <u>Settlement Sum</u>. The County shall pay and Plaintiffs shall accept a settlement sum of Two Hundred Ninety Two Thousand Dollars and Zero cents. ($292,000.00) (Settlement Sum), to be distributed pursuant to the *Order Approving Settlement and Authorizing Distribution of Proceeds*, as a full, complete, and final settlement of any and all Claims and Causes of Action that relate to, arise out of, result from the incident on or about May 7, 2009, arising from the custody and death of Plaintiffs' decedent Jason Lewis Smith while held in the Wayne County Jail in the City of Detroit, State of Michigan. Payment and acceptance of the aforementioned Settlement Sum shall constitute a full, complete, and final settlement of any and all Plaintiff's Claims and Causes of Action in the Litigation, inclusive of all §1988 attorney fees, costs and all interest.

2

   a. Payment of the Settlement Sum shall be made in two lump sum payments over two fiscal years, as follows:

      i. The first payment, in the amount of One Hundred Forty-Six Thousand Dollars ($146,000.00) will be paid in the present fiscal year (2013) within 30 (thirty) days after a final resolution affirming Commission approval, with the understanding between the parties that no enforcement action will be taken until forty-five (45) days after the Commission final approval;

      ii. The second payment, in the amount of One Hundred Forty-Six Thousand Dollars ($146,000.00) will be paid within forty-five (45) days of the start of the 2014 fiscal year, October 1, 2013.

   b. The checks shall be made payable to Goodman & Hurwitz, P.C., and Co-Personal Representatives Gloria Smith and Camille Mitchell

3. <u>Sanctions award</u>. The County, through the Wayne County Office of Corporation Counsel, shall pay Thirty-Three Thousand Dollars ($33,000.00), payable to the firm of Goodman & Hurwitz, P.C., and Co-Personal Representatives Gloria Smith, and Camille Mitchell, pursuant to the Court's 3/18/13 Order awarding sanctions against Wayne County. [See Pacer Doc # 125]. Acceptance of this payment represents a full, complete, and final settlement of the sanctions issue and resolves any further dispute as to this issue. This payment shall be paid in the present fiscal year (2013) on or before the date of the first payment set forth in Paragraph 2.a.i. above.

4. <u>Plaintiffs' Release</u>. Upon satisfaction of the terms of this Settlement and Release, Plaintiffs shall hereby release and discharge all Wayne County Defendants from any and all Claims and Causes of Action which they now have, or may have had, or may hereafter have, whether presently asserted or not in the Subject Litigation, whether known or unknown, whether liquidated or unliquidated, whether accrued or unaccrued, whether foreseen or unforeseen and which relate to, arise out of, result from the incident on or about May 7, 2009, arising from the custody and death of Plaintiffs' decedent Jason Lewis Smith while held in the Wayne County Jail in the City of Detroit, State of Michigan, including all claims for attorneys' fees and costs pursuant to 42 USC §1988.

5. <u>Plaintiffs' Representation Regarding Indemnity.</u> Plaintiffs acknowledge that any outstanding or potential liens directly or indirectly pertaining to the allegations in the Litigation are to be settled by Plaintiffs from the Settlement Sum. Plaintiffs agree and represent that to the extent any entity is claiming a right of subrogation

3

or any other claims that may arise out of this incident, they will be responsible for paying those parties.

6. <u>Payment for Physical Injuries.</u> The parties agree that the Plaintiffs hereby declare and represent that the personal injuries, physical and emotional flowing therefrom and/or damages sustained are permanent, and that recovery therefrom is uncertain and indefinite, and in making this Release, it is understood and agreed, that the Plaintiffs rely wholly upon the Plaintiffs' judgment, belief and knowledge of the nature, extent, effect and duration of said personal injuries, physical and emotional flowing therefrom and/or damages and liability therefor, and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives, or by any other person employed by them.
None of the released parties or their counsel has given any advice concerning the tax implications or liabilities associated with the payment of the settlement proceeds.

Wayne County will issue 1099 and W9 forms to Plaintiffs Gloria Smith and Camille Mitchell, and their attorneys, Goodman & Hurwitz, P.C., for the amount stated in the settlement sum.   The parties agree that Plaintiffs' settlement recovery is compensation for the physical injuries sustained in the above referenced litigation. Should it be determined by any taxing authority that County should have withheld or paid any amounts not initially withheld or paid, Plaintiffs agree to hold harmless and indemnify Wayne County for any taxes, fees, interest and penalties that the County may be required to pay to such taxing authority.

7. <u>No Admission of Liability.</u>  The parties acknowledge that this  Agreement is executed as part of a compromise of a disputed claim for the purpose of avoiding the uncertainties and costs of further litigation and shall not ever be construed as an admission of either liability or non-liability on the part of any party.

8. <u>No Construction Against Drafter.</u>   Each party, and its counsel, has participated in the drafting of this Agreement.  Therefore, none of the language contained in this Agreement shall be presumptively construed in favor of or against any party.

9. <u>Knowledge of Agreement.</u>   The person executing this Agreement on behalf of each party expressly represents that he/she has had an opportunity to consult with that party's counsel regarding this Agreement, and fully understands the terms of this Agreement.

10. <u>Authority to Execute.</u>  The person executing this Agreement on behalf of each party expressly warrants and represents that he/she is authorized to sign this Agreement on behalf of that party for the purpose of duly binding

4

that party to the terms of this Agreement.

11. Entire Agreement.    This Agreement contains the entire agreement between the parties with respect to the subject matter of the Agreement, and supersedes any prior Agreement (oral or written) between the parties. The parties further declare, represent and acknowledge that no promise, agreement or representation (express or implied) has been made in connection with this Agreement, nor has any promise, agreement or representation (express or implied) been relied upon by any of the parties in executing this Agreement, except for those promises, agreements, or representations which are expressly set forth in this Agreement.

12. Amendments & Modifications.    No amendments or modifications of the terms of this Agreement shall be valid unless made in writing and signed by both parties.

13. Governing Law.  This Agreement and any amendments shall be governed by and construed in accordance with the laws of the State of Michigan.

14. Breach of Agreement.  This Agreement shall be deemed to have been breached immediately upon:
   a. the commencement of any action, claim, lien or other proceeding contrary to the terms of this Agreement; in which case, this Agreement may be pleaded as a full and complete defense; or
   b. The failure by Defendants to remit payment of the Settlement Sum in accordance with the terms and deadlines set forth in Paragraphs 2 and 3. above.
In the event suit is brought by any party alleging a material breach of this Agreement, or for a claim, demand or cause of action found to have been discharged by this Agreement, the prevailing party in such suit shall be entitled to recover reasonable attorney's fees and costs.

15. Dismissal of Lawsuit.    Upon execution of this *Settlement Agreement and Release*, and entry of *Order Approving Settlement and Authorizing Distribution of Proceeds*, Plaintiffs agree to instruct and authorize their attorneys to execute and file on Plaintiffs behalf any stipulations, orders, and other documents necessary to dismiss all claims and all Wayne County Defendants without prejudice and without 42 USC §1988 attorneys' fees or costs in the associated litigation. The Court shall retain jurisdiction over this matter to enforce the terms of the *Settlement Agreement* as entered by the parties, including but not limited to Plaintiffs' right to re-open the litigation on its merits in the event of a failure by Defendants to remit payment of the Settlement Sum and/or Sanctions Award, in accordance with the terms and deadlines set forth in Paragraphs 2 and 3. above.  In the event of the re-opening of the litigation

5

on its merits, Defendants shall waive any statute of limitations defense. Upon full satisfaction of the terms and conditions of this *Settlement Agreement*, the matter shall be dismissed with prejudice.

16. Severability.   Should any provision of this Agreement be held invalid or illegal, such invalidity or illegality shall not invalidate the whole of the Agreement.   Rather, the Agreement shall be construed as if it did not contain the invalid or illegal part, and the rights and obligations of the parties shall be construed and enforced accordingly.

17. Court Approval.   It is understood and agreed that the settlement in this matter is contingent upon the Court's approval, as designated by an *Order Approving Settlement and Authorizing Distribution of Proceeds.*

18. Counterparts.   This Agreement may be executed in counterparts and each executed counterpart, when taken together with the other counterparts, shall constitute one agreement. This Settlement Agreement and Release shall become effective immediately following execution by each of the parties required herein and upon approval of the Wayne County Commission.

19. Plaintiffs acknowledge that they have read this Agreement and that their attorneys have explained its terms to them and that they have voluntarily and knowingly agreed to and accepted its terms.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date and year written below.

Gloria Smith, Co-Plaintiff, Individually
and as P.R. of the Estate of Jason Smith

Camille Mitchell, Co-Plaintiff
P.R. Estate of Jason Smith, C.M.

GOODMAN & HURWITZ, P.C.
Attorney for Plaintiffs Gloria Smith and
Camille Mitchell

Date: _____5/29/13_____

JAMES M. SUROWIEC,
Asst. Wayne County Corporation Counsel
Attorney for Defendant Wayne County

Date: __6/5/13__

6

Sworn to and Subscribed before me on the
29 day of May 2013

Anneliese Failla, Notary Public
Macomb County, Michigan
Acting in Wayne County, MI
My Commission Expires: 10/18/2014

7

**EXHIBIT 3**

EXHIBIT 3

# GOODMAN & HURWITZ, PC
### ATTORNEYS AND COUNSELORS

1394 EAST JEFFERSON AVENUE, DETROIT, MICHIGAN 48207

WILLIAM H. GOODMAN*
  bgoodman@goodmanhurwitz.com
JULIE H. HURWITZ
  jhurwitz@goodmanhurwitz.com
KATHRYN BRUNER JAMES
  kjames@goodmanhurwitz.com
MIRIAM R. NEMETH*
  mnemeth@goodmanhurwitz.com

OF COUNSEL
GOODMAN KALAHAR, PC

May 31, 2013

Mr. Darius Mason
35640 Cowan Road, Apt. 302
Westland, MI 48185

Re:   Estate of Jason Smith, et al v. Wayne County, et al
      Case No. 10-14257

Dear Mr. Mason,

As you know, the wrongful death action on behalf of the Estate of Jason Smith, arising from his suicide death while in the custody of the Wayne County Jail, has been settled. The terms of the settlement is as follows:

      A. The attorneys have expended approximately $42,350 in litigation expenses, to date (there may be a few additional expenses before this case is finally wrapped up). We will be happy to provide our itemized expenses to any family member who requests it;

      B. We have previously settled part of this case against the City of Detroit for $20,000, which is being held in our Client Trust ("IOLTA") Account until the full settlement is approved by the Court;

      C. Within the next 45 days, we expect to receive two separate payments from Wayne County, as follows:

            a. $33,000. to pay for a Court award of costs, fees and sanctions; and
            b. $146,000, as partial payment for the wrongful death claim of Jason Smith.

      D. By the end of October, 2013, we will receive another check from Wayne County, in the amount of $146,000, as its final payment for the wrongful death claim of Jason Smith.

On Tuesday, June 11, 2013 at 5:00 p.m., a meeting will be held here, at the law offices of Goodman & Hurwitz, P.C., to provide information to all the heirs/interested parties as to the amount of the settlement and to discuss the disbursement of the settlement proceeds. We look forward to seeing you at that time. After that meeting, the Personal Representatives of the Estate will agree upon a proposed Order of Distribution for the Estate and you will receive a copy of that document shortly thereafter.

mail@goodmanhurwitz.com   •   313 567-6170   •   FAX 313 567-4827   •   www.goodmanhurwitz.com

*Also admitted in New York                                    recycled paper

Mr. Darius Mason
Re:    Estate of Jason Smith, et al v. Wayne County, et al
          Case No. 10-14257
May 31, 2013
Page Two

 

 

Finally, this letter is to advise you that during the week following our meeting on June 11, 2013, there will be a "Fairness Hearing" in the Federal Courthouse in Ann Arbor, Michigan, before the Honorable Magistrate Judge David Grand. That hearing will be on June 19, 2013 at 10:00 a.m. and will take place at the Federal Building in Ann Arbor, located at 200 E. Liberty, Suite 114.

We look forward to meeting with everyone.  Thank you.

Very truly yours,

GOODMAN & HURWITZ, P.C.

William H. Goodman

WHG:af

cc:    Jeffrey I. Fried *(Via e-Mail only)*
         Kathleen J. Kalahar *(Via e-Mail only)*

# GOODMAN & HURWITZ, PC
## ATTORNEYS AND COUNSELORS

1394 EAST JEFFERSON AVENUE, DETROIT, MICHIGAN 48207

WILLIAM H. GOODMAN*
bgoodman@goodmanhurwitz.com
JULIE H. HURWITZ
jhurwitz@goodmanhurwitz.com
KATHRYN BRUNER JAMES
kjames@goodmanhurwitz.com
MIRIAM R. NEMETH*
mnemeth@goodmanhurwitz.com

OF COUNSEL
GOODMAN KALAHAR, PC

May 31, 2013

Mr. Phillip Mason
3521 John C Lodge, Apt 802
Detroit, MI 48201

Re:   Estate of Jason Smith, et al v. Wayne County, et al
        Case No. 10-14257

Dear Mr. Mason,

        As you know, the wrongful death action on behalf of the Estate of Jason Smith, arising from his suicide death while in the custody of the Wayne County Jail, has been settled. The terms of the settlement is as follows:

> A.  The attorneys have expended approximately $42,350 in litigation expenses, to date (there may be a few additional expenses before this case is finally wrapped up). We will be happy to provide our itemized expenses to any family member who requests it;
>
> B.  We have previously settled part of this case against the City of Detroit for $20,000, which is being held in our Client Trust ("IOLTA") Account until the full settlement is approved by the Court;
>
> C.  Within the next 45 days, we expect to receive two separate payments from Wayne County, as follows:
>
>> a.  $33,000. to pay for a Court award of costs, fees and sanctions; and
>> b.  $146,000, as partial payment for the wrongful death claim of Jason Smith.
>
> D.  By the end of October, 2013, we will receive another check from Wayne County, in the amount of $146,000, as its final payment for the wrongful death claim of Jason Smith.

        On Tuesday, June 11, 2013 at 5:00 p.m., a meeting will be held here, at the law offices of Goodman & Hurwitz, P.C., to provide information to all the heirs/interested parties as to the amount of the settlement and to discuss the disbursement of the settlement proceeds. We look forward to seeing you at that time. After that meeting, the Personal Representatives of the Estate will agree upon a proposed Order of Distribution for the Estate and you will receive a copy of that document shortly thereafter.

Mr. Phillip Mason
Re:   Estate of Jason Smith, et al v. Wayne County, et al
        Case No. 10-14257
May 31, 2013
Page Two

Finally, this letter is to advise you that during the week following our meeting on June 11, 2013, there will be a "Fairness Hearing" in the Federal Courthouse in Ann Arbor, Michigan, before the Honorable Magistrate Judge David Grand. That hearing will be on June 19, 2013 at 10:00 a.m. and will take place at the Federal Building in Ann Arbor, located at 200 E. Liberty, Suite 114.

We look forward to meeting with everyone.  Thank you.

Very truly yours,

GOODMAN & HURWITZ, P.C.

William H. Goodman

WHG:af

cc:   Jeffrey I. Fried *(Via e-Mail only)*
        Kathleen J. Kalahar *(Via e-Mail only)*

# GOODMAN & HURWITZ, PC
## ATTORNEYS AND COUNSELORS

1394 East Jefferson Avenue, Detroit, Michigan 48207

WILLIAM H. GOODMAN*
  bgoodman@goodmanhurwitz.com
JULIE H. HURWITZ
  jhurwitz@goodmanhurwitz.com
KATHRYN BRUNER JAMES
  kjames@goodmanhurwitz.com
MIRIAM R. NEMETH*
  mnemeth@goodmanhurwitz.com

OF COUNSEL
GOODMAN KALAHAR, PC

May 31, 2013

Ms. Cascille McGhee
14050 Whitcomb
Detroit, MI 48227

Re:   Estate of Jason Smith, et al v. Wayne County, et al
      Case No. 10-14257

Dear Ms. McGhee,

As you know, the wrongful death action on behalf of the Estate of Jason Smith, arising from his suicide death while in the custody of the Wayne County Jail, has been settled. The terms of the settlement is as follows:

    A. The attorneys have expended approximately $42,350 in litigation expenses, to date (there may be a few additional expenses before this case is finally wrapped up). We will be happy to provide our itemized expenses to any family member who requests it;

    B. We have previously settled part of this case against the City of Detroit for $20,000, which is being held in our Client Trust ("IOLTA") Account until the full settlement is approved by the Court;

    C. Within the next 45 days, we expect to receive two separate payments from Wayne County, as follows:

        a. $33,000. to pay for a Court award of costs, fees and sanctions; and
        b. $146,000, as partial payment for the wrongful death claim of Jason Smith.

    D. By the end of October, 2013, we will receive another check from Wayne County, in the amount of $146,000, as its final payment for the wrongful death claim of Jason Smith.

On Tuesday, June 11, 2013 at 5:00 p.m., a meeting will be held here, at the law offices of Goodman & Hurwitz, P.C., to provide information to all the heirs/interested parties as to the amount of the settlement and to discuss the disbursement of the settlement proceeds. We look forward to seeing you at that time. After that meeting, the Personal Representatives of the Estate will agree upon a proposed Order of Distribution for the Estate and you will receive a copy of that document shortly thereafter.

*Also admitted in New York                              recycled paper

Ms. Cascille McGhee
Re:   Estate of Jason Smith, et al v. Wayne County, et al
      Case No. 10-14257
May 31, 2013
Page Two

 

 

 

Finally, this letter is to advise you that during the week following our meeting on June 11, 2013, there will be a "Fairness Hearing" in the Federal Courthouse in Ann Arbor, Michigan, before the Honorable Magistrate Judge David Grand. That hearing will be on June 19, 2013 at 10:00 a.m. and will take place at the Federal Building in Ann Arbor, located at 200 E. Liberty, Suite 114.

We look forward to meeting with everyone.  Thank you.

Very truly yours,

GOODMAN & HURWITZ, P.C.

William H. Goodman

WHG:af

cc:   Jeffrey I. Fried *(Via e-Mail only)*
      Kathleen J. Kalahar *(Via e-Mail only)*

# GOODMAN & HURWITZ, PC
### ATTORNEYS AND COUNSELORS

1394 EAST JEFFERSON AVENUE, DETROIT, MICHIGAN 48207

WILLIAM H. GOODMAN*
  bgoodman@goodmanhurwitz.com
JULIE H. HURWITZ
  jhurwitz@goodmanhurwitz.com
KATHRYN BRUNER JAMES
  kjames@goodmanhurwitz.com
MIRIAM R. NEMETH*
  mnemeth@goodmanhurwitz.com

OF COUNSEL
GOODMAN KALAHAR, PC

May 31, 2013

Mr. Pierre Mason
2233 Timberwood
Carrollton, Texas 75006

Re:   Estate of Jason Smith, et al v. Wayne County, et al
      Case No. 10-14257

Dear Mr. Mason,

As you know, the wrongful death action on behalf of the Estate of Jason Smith, arising from his suicide death while in the custody of the Wayne County Jail, has been settled. The terms of the settlement is as follows:

A.  The attorneys have expended approximately $42,350 in litigation expenses, to date (there may be a few additional expenses before this case is finally wrapped up). We will be happy to provide our itemized expenses to any family member who requests it;

B.  We have previously settled part of this case against the City of Detroit for $20,000, which is being held in our Client Trust ("IOLTA") Account until the full settlement is approved by the Court;

C.  Within the next 45 days, we expect to receive two separate payments from Wayne County, as follows:

    a.  $33,000. to pay for a Court award of costs, fees and sanctions; and
    b.  $146,000, as partial payment for the wrongful death claim of Jason Smith.

D.  By the end of October, 2013, we will receive another check from Wayne County, in the amount of $146,000, as its final payment for the wrongful death claim of Jason Smith.

On Tuesday, June 11, 2013 at 5:00 p.m., a meeting will be held here, at the law offices of Goodman & Hurwitz, P.C., to provide information to all the heirs/interested parties as to the amount of the settlement and to discuss the disbursement of the settlement proceeds. We look forward to seeing you at that time. After that meeting, the Personal Representatives of the Estate will agree upon a proposed Order of Distribution for the Estate and you will receive a copy of that document shortly thereafter. If you are

mail@goodmanhurwitz.com • 313 567-6170 • FAX 313 567-4827 • www.goodmanhurwitz.com

*Also admitted in New York                                           recycled paper

Mr. Pierre Mason
Re:   Estate of Jason Smith, et al v. Wayne County, et al
      Case No. 10-14257
May 31, 2013
Page Two

unable to make the trip to Michigan, you may participate by telephone. Please call upon receipt of this letter to work out the details.

Finally, this letter is to advise you that during the week following our meeting on June 11, 2013, there will be a "Fairness Hearing" in the Federal Courthouse in Ann Arbor, Michigan, before the Honorable Magistrate Judge David Grand. That hearing will be on June 19, 2013 at 10:00 a.m. and will take place at the Federal Building in Ann Arbor, located at 200 E. Liberty, Suite 114.

We look forward to meeting with everyone. Thank you.

Very truly yours,

GOODMAN & HURWITZ, P.C.

William H. Goodman

WHG:af

cc:   Jeffrey I. Fried *(Via e-Mail only)*
     Kathleen J. Kalahar *(Via e-Mail only)*

# GOODMAN & HURWITZ, PC
## ATTORNEYS AND COUNSELORS

---

1394 East Jefferson Avenue, Detroit, Michigan 48207

WILLIAM H. GOODMAN*
  bgoodman@goodmanhurwitz.com
JULIE H. HURWITZ
  jhurwitz@goodmanhurwitz.com
KATHRYN BRUNER JAMES
  kjames@goodmanhurwitz.com
MIRIAM R. NEMETH*
  mnemeth@goodmanhurwitz.com

OF COUNSEL
GOODMAN KALAHAR, PC

May 31, 2013

Mr. Phillip Mason, Jr.
35640 Cowan Road, Apt. 302
Westland, MI 48185

Re:   Estate of Jason Smith, et al v. Wayne County, et al
       Case No. 10-14257

Dear Mr. Mason,

As you know, the wrongful death action on behalf of the Estate of Jason Smith, arising from his suicide death while in the custody of the Wayne County Jail, has been settled.  The terms of the settlement is as follows:

    A. The attorneys have expended approximately $42,350 in litigation expenses, to date (there may be a few additional expenses before this case is finally wrapped up). We will be happy to provide our itemized expenses to any family member who requests it;

    B. We have previously settled part of this case against the City of Detroit for $20,000, which is being held in our Client Trust ("IOLTA") Account until the full settlement is approved by the Court;

    C. Within the next 45 days, we expect to receive two separate payments from Wayne County, as follows:

        a. $33,000. to pay for a Court award of costs, fees and sanctions; and
        b. $146,000, as partial payment for the wrongful death claim of Jason Smith.

    D. By the end of October, 2013, we will receive another check from Wayne County, in the amount of $146,000, as its final payment for the wrongful death claim of Jason Smith.

On Tuesday, June 11, 2013 at 5:00 p.m., a meeting will be held here, at the law offices of Goodman & Hurwitz, P.C., to provide information to all the heirs/interested parties as to the amount of the settlement and to discuss the disbursement of the settlement proceeds. We look forward to seeing you at that time. After that meeting, the Personal Representatives of the Estate will agree upon a proposed Order of Distribution for the Estate and you will receive a copy of that document shortly thereafter.

---

*Also admitted in New York                                    recycled paper

Mr. Phillip Mason, Jr.
Re:   Estate of Jason Smith, et al v. Wayne County, et al
       Case No. 10-14257
May 31, 2013
Page Two

      Finally, this letter is to advise you that during the week following our meeting on June 11, 2013, there will be a "Fairness Hearing" in the Federal Courthouse in Ann Arbor, Michigan, before the Honorable Magistrate Judge David Grand. That hearing will be on June 19, 2013 at 10:00 a.m. and will take place at the Federal Building in Ann Arbor, located at 200 E. Liberty, Suite 114.

      We look forward to meeting with everyone. Thank you.

               Very truly yours,

               **GOODMAN & HURWITZ, P.C.**

               William H. Goodman

WHG:af

cc:   Jeffrey I. Fried *(Via e-Mail only)*
      Kathleen J. Kalahar *(Via e-Mail only)*

# GOODMAN & HURWITZ, PC
### ATTORNEYS AND COUNSELORS

1394 EAST JEFFERSON AVENUE, DETROIT, MICHIGAN 48207

WILLIAM H. GOODMAN*
  bgoodman@goodmanhurwitz.com
JULIE H. HURWITZ
  jhurwitz@goodmanhurwitz.com
KATHRYN BRUNER JAMES
  kjames@goodmanhurwitz.com
MIRIAM R. NEMETH*
  mnemeth@goodmanhurwitz.com

OF COUNSEL
GOODMAN KALAHAR, PC

June 4, 2013

Ms. Gloria Smith
2231 Hawthorne Road
Harper Woods, MI 48236

Re:   Estate of Jason Smith, et al v. Wayne County, et al
     Case No. 10-14257

Dear Ms. Smith,

As you know, the wrongful death action on behalf of the Estate of Jason Smith, arising from his suicide death while in the custody of the Wayne County Jail, has been settled. The terms of the settlement is as follows:

    A. The attorneys have expended approximately $42,350 in litigation expenses, to date (there may be a few additional expenses before this case is finally wrapped up). We will be happy to provide our itemized expenses to any family member who requests it;

    B. We have previously settled part of this case against the City of Detroit for $20,000, which is being held in our Client Trust ("IOLTA") Account until the full settlement is approved by the Court;

    C. Within the next 45 days, we expect to receive two separate payments from Wayne County, as follows:

        a. $33,000. to pay for a Court award of costs, fees and sanctions; and
        b. $146,000, as partial payment for the wrongful death claim of Jason Smith.

    D. By the end of October, 2013, we will receive another check from Wayne County, in the amount of $146,000, as its final payment for the wrongful death claim of Jason Smith.

On Tuesday, June 11, 2013 at 5:00 p.m., a meeting will be held here, at the law offices of Goodman & Hurwitz, P.C., to provide information to all the heirs/interested parties as to the amount of the settlement and to discuss the disbursement of the settlement proceeds. We look forward to seeing you at that time. After that meeting, the Personal Representatives of the Estate will agree upon a proposed Order of Distribution for the Estate and you will receive a copy of that document shortly thereafter.

*Also admitted in New York                                       recycled paper

Ms. Gloria Smith
Re:   Estate of Jason Smith, et al v. Wayne County, et al
      Case No. 10-14257
June 4, 2013
Page Two


Finally, this letter is to advise you that during the week following our meeting on June 11, 2013, there will be a "Fairness Hearing" in the Federal Courthouse in Ann Arbor, Michigan, before the Honorable Magistrate Judge David Grand. That hearing will be on June 19, 2013 at 10:00 a.m. and will take place at the Federal Building in Ann Arbor, located at 200 E. Liberty, Suite 114.

We look forward to meeting with everyone. Thank you.


Very truly yours,

GOODMAN & HURWITZ, P.C.

William H. Goodman

WHG:af

cc:   Jeffrey I. Fried *(Via e-Mail only)*
      Kathleen J. Kalahar *(Via e-Mail only)*

# GOODMAN & HURWITZ, PC

### ATTORNEYS AND COUNSELORS

1394 East Jefferson Avenue, Detroit, Michigan 48207

WILLIAM H. GOODMAN*
  bgoodman@goodmanhurwitz.com
JULIE H. HURWITZ
  jhurwitz@goodmanhurwitz.com
KATHRYN BRUNER JAMES
  kjames@goodmanhurwitz.com
MIRIAM R. NEMETH*
  mnemeth@goodmanhurwitz.com

OF COUNSEL
GOODMAN KALAHAR, PC

June 4, 2013

Ms. Camille Mitchell
37546 Ladue
Clinton Township, MI 48036

Re:   Estate of Jason Smith, et al v. Wayne County, et al
      Case No. 10-14257

Dear Ms. Mitchell,

     As you know, the wrongful death action on behalf of the Estate of Jason Smith, arising from his suicide death while in the custody of the Wayne County Jail, has been settled. The terms of the settlement is as follows:

    A. The attorneys have expended approximately $42,350 in litigation expenses, to date (there may be a few additional expenses before this case is finally wrapped up). We will be happy to provide our itemized expenses to any family member who requests it;

    B. We have previously settled part of this case against the City of Detroit for $20,000, which is being held in our Client Trust ("IOLTA") Account until the full settlement is approved by the Court;

    C. Within the next 45 days, we expect to receive two separate payments from Wayne County, as follows:

        a. $33,000. to pay for a Court award of costs, fees and sanctions; and
        b. $146,000, as partial payment for the wrongful death claim of Jason Smith.

    D. By the end of October, 2013, we will receive another check from Wayne County, in the amount of $146,000, as its final payment for the wrongful death claim of Jason Smith.

     On Tuesday, June 11, 2013 at 5:00 p.m., a meeting will be held here, at the law offices of Goodman & Hurwitz, P.C., to provide information to all the heirs/interested parties as to the amount of the settlement and to discuss the disbursement of the settlement proceeds. We look forward to seeing you at that time. After that meeting, the Personal Representatives of the Estate will agree upon a proposed Order of Distribution for the Estate and you will receive a copy of that document shortly thereafter.

---

mail@goodmanhurwitz.com • 313 567-6170 • FAX 313 567-4827 • www.goodmanhurwitz.com

*Also admitted in New York                                      recycled paper

Ms. Camille Mitchell
Re:   Estate of Jason Smith, et al v. Wayne County, et al
       Case No. 10-14257
June 4, 2013
Page Two

Finally, this letter is to advise you that during the week following our meeting on June 11, 2013, there will be a "Fairness Hearing" in the Federal Courthouse in Ann Arbor, Michigan, before the Honorable Magistrate Judge David Grand. That hearing will be on June 19, 2013 at 10:00 a.m. and will take place at the Federal Building in Ann Arbor, located at 200 E. Liberty, Suite 114.

We look forward to meeting with everyone. Thank you.

Very truly yours,

GOODMAN & HURWITZ, P.C.

William H. Goodman

WHG:af

cc:   Jeffrey I. Fried *(Via e-Mail only)*
       Kathleen J. Kalahar *(Via e-Mail only)*

# GOODMAN & HURWITZ, PC
## ATTORNEYS AND COUNSELORS

---

### 1394 EAST JEFFERSON AVENUE, DETROIT, MICHIGAN 48207

WILLIAM H. GOODMAN*
bgoodman@goodmanhurwitz.com
JULIE H. HURWITZ
jhurwitz@goodmanhurwitz.com
KATHRYN BRUNER JAMES
kjames@goodmanhurwitz.com
MIRIAM R. NEMETH*
mnemeth@goodmanhurwitz.com

OF COUNSEL
GOODMAN KALAHAR, PC

*William Goodman, Atty*
*P14173*

June 5, 2013

## PRIVILEGED MAIL / ATTORNEY-CLIENT MAIL
## TO BE OPENED IN HE PRESENCE OF THE INMATE ONLY

Mr. Deshawn Mason, #450492
c/o Richard A. Handlon Correctional Facility
1728 Bluewater Highway
Ionia, MI  48846

Re:   Estate of Jason Smith, et al v. Wayne County, et al
      Case No. 10-14257

Dear Ms. Mason,

As you may or may not know, the wrongful death action on behalf of the Estate of Jason Smith, arising from his suicide death while in the custody of the Wayne County Jail, has been settled. The terms of the settlement is as follows:

    A. The attorneys have expended approximately $42,350 in litigation expenses, to date (there may be a few additional expenses before this case is finally wrapped up). We will be happy to provide our itemized expenses to any family member who requests it;

    B. We have previously settled part of this case against the City of Detroit for $20,000, which is being held in our Client Trust ("IOLTA") Account until the full settlement is approved by the Court;

    C. Within the next 45 days, we expect to receive two separate payments from Wayne County, as follows:

        a. $33,000. to pay for a Court award of costs, fees and sanctions; and
        b. $146,000, as partial payment for the wrongful death claim of Jason Smith.

    D. By the end of October, 2013, we will receive another check from Wayne County, in the amount of $146,000, as its final payment for the wrongful death claim of Jason Smith.

---

*Also admitted in New York

recycled paper

Mr. Deshawn Mason
Re:   Estate of Jason Smith, et al v. Wayne County, et al
      Case No. 10-14257
June 5, 2013
Page Two

      On Tuesday, June 11, 2013 at 5:00 p.m., a meeting will be held here, at the law offices of Goodman & Hurwitz, P.C., to provide information to all the heirs/interested parties as to the amount of the settlement and to discuss the disbursement of the settlement proceeds. After that meeting, the Personal Representatives of the Estate will agree upon a proposed Order of Distribution for the Estate and you will receive a copy of that document shortly thereafter.

      Finally, this letter is to advise you that during the week following our meeting on June 11, 2013, there will be a "Fairness Hearing" in the Federal Courthouse in Ann Arbor, Michigan, before the Honorable Magistrate Judge David Grand. That hearing will be on June 19, 2013 at 10:00 a.m. and will take place at the Federal Building in Ann Arbor, located at 200 E. Liberty, Suite 114.

      We will keep you updated on any decisions.  Thank you.

                Very truly yours,

                GOODMAN & HURWITZ, P.C.

                William H. Goodman

WHG:af

cc:    Jeffrey I. Fried *(Via e-Mail only)*
       Kathleen J. Kalahar *(Via e-Mail only)*

Approved, SCAO                                                                                          JIS CODE: WAC

| STATE OF MICHIGAN | | FILE NO. |
|---|---|---|
| **PROBATE COURT** **COUNTY** Wayne CIRCUIT COURT - FAMILY DIVISION | **WAIVER/CONSENT** | 2009-746588-DE |

In the matter of ___Gloria Smith and Camille Mitchell, Co-Personal Representatives of the Estate of Jason Lewis Smith___

1. I am interested in the matter as _an heir at law._ _____ .

☑ 2. I waive notice of the hearing and consent to the application/petition for _Approval of Settlement and Distribution_
Nature of application/petition and name of applicant/petitioner
of Proceeds in the Wrongful Death/civil rights case of Gloria Smith and Camille Mitchell, Co-Personal Representatives
of the Estate of Jason Lewis Smith v. County of Wayne, Randle Hornbuckle, Eric Troszak, Justin Gilmer and Ryan
Landorf, US District Court, Eastern District of Michigan, Case No. 10-cv-14257.

_____ , and I declare that I have received a copy of this application/petition.

☑ 3. I waive notice of the hearing concerning _Approval of Settlement and Distribution of Proceeds in the Wrongful D_ .
Nature of hearing

_6- 19-2013_
Date
_Phillip Mason_
Signature

| Jeffrey I. Fried | 29765 | Mr. Phillip Mason, Jr. | |
|---|---|---|---|
| Attorney name (type or print) | Bar no. | Name (type or print) | |
| 29800 Telegraph Rd. | | 31640 Cowan Road, Apt. 302 | |
| Address | | Address | |
| Southfield, MI 48034 | (248) 354-1505 | Westland, MI 48185 | (513) 371-4577 |
| City, state, zip | Telephone no. | City, state, zip | Telephone no. |

NOTE: Do not use for waivers pursuant to MCL 700.3310.

Do not write below this line - For court use only

PC 561  (9/07)  **WAIVER/CONSENT**                                                        MCL 700.1402, MCR 5.104(B)

Approved, SCAO

JIS CODE: WAC

| STATE OF MICHIGAN | WAIVER/CONSENT | FILE NO. |
|---|---|---|
| **PROBATE COURT** | | |
| Wayne **COUNTY** | | 2009-746588-DE |
| CIRCUIT COURT - FAMILY DIVISION | | |

In the matter of  Gloria Smith and Camille Mitchell, Co-Personal Representatives of the Estate of Jason Lewis Smith

1. I am interested in the matter as  an heir at law.

☑ 2. I waive notice of the hearing and consent to the application/petition for  Approval of Settlement and Distribution
<span style="font-size:smaller">Nature of application/petition and name of applicant/petitioner</span>
of Proceeds in the Wrongful Death/civil rights case of Gloria Smith and Camille Mitchell, Co-Personal Representatives
of the Estate of Jason Lewis Smith v. County of Wayne, Randle Hornbuckle, Eric Troszak, Justin Gilmer and Ryan
Landorf, US District Court, Eastern District of Michigan, Case No. 10-cv-14257.

, and I declare that I have received a copy of this application/petition.

☑ 3. I waive notice of the hearing concerning  Approval of Settlement and Distribution of Proceeds in the Wrongful D  .
<span style="font-size:smaller">Nature of hearing</span>

6 - 18 - 13
Date

Whitney Smith
Signature

| Jeffrey I. Fried | 29765 | Ms. Whitney Smith |
|---|---|---|
| Attorney name (type or print) | Bar no. | Name (type or print) |
| 29800 Telegraph Rd. | | 2609 Featherstone Road, Apt. 474 |
| Address | | Address |
| Southfield, MI 48034 | (248) 354-1505 | Oklahoma City, Oklahoma | (405) 201-9354 |
| City, state, zip | Telephone no. | City, state, zip | Telephone no. |

NOTE: Do not use for waivers pursuant to MCL 700.3310.

Do not write below this line - For court use only

PC 561  (9/07)  **WAIVER/CONSENT**

MCL 700.1402, MCR 5.104(B)